UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ED PAYNE AND JAN B. PAYNE, )<br>)<br>PLAINTIFFS, )<br>)<br>v. )<br>)<br>CAPITAL MANAGEMENT SERVICES, )<br>GROUP, INC. )<br>)<br>DEFENDANT. ) | CIVIL ACTION NUMBER<br><u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

This is an action brought by the Plaintiffs, Ed Payne and Jan B. Payne, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

### PARTIES

1. The Plaintiffs, Ed Payne and Jan B. Payne ("Plaintiffs"), are residents and citizens of the state of Alabama, Jefferson County, and are over the age of twenty-one (21) years.

2. The Defendant, Capital Management Services Group, Inc. d/b/a Capital Management Services Group, L.P. ("Defendant") is a New York corporation with its principal place of business

in the state of New York. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. On many occasions within the past year, the Defendant has attempted to collect a debt allegedly owed by Plaintiff Jan B. Payne to Chase Bank USA, N.A.. The alleged debt was incurred for personal, household, and/or family uses.

### *Communications without required disclosures*

4. The Defendant has called and left numerous voice messages on Plaintiffs' home telephone answering machine.

5. On some of the messages the Defendant failed to identify themselves as a debt collector, and only provided a number for which the Plaintiffs to return the call.

6. On other messages, the Defendant indicated that they "are a debt collector" and that the call "was an attempt to collect a debt." Those messages have been or could have been heard by third parties that were in the Plaintiffs' home when the messages were played.

7. On one occasion, Ed Payne, spoke with an agent/employee of the Defendant and explained that they did not owe this debt, and requested verification and proof of the debt from the Defendant. To date the Defendant has not provided any such verification to Plaintiffs.

### *Communications to Plaintiff at work*

8. In October, 2008 and agent/employee of Defendant called Jan Payne at her place of employment in an attempt to collect the alleged debt. Jan Payne told the agent/employee that she could not take these types of calls at work and to not call her at work anymore.

9. Immediately after that conversation, the same agent/employee called Ed Payne at Plaintiffs' home in an attempt to collect the alleged debt. Ed Payne told the agent/employee that he had turned the matter over to his attorney, Mr. Tom Buck in Birmingham, Alabama and that they should contact Mr. Buck to discuss the matter.

### *Communications with a consumer represented by an attorney*

10. Despite having being told that Defendant could not contact Jan Payne at work, as well as the fact that Plaintiffs were represented by an attorney, Defendant again called Jan Payne at her place of employment and attempted to collect the alleged debt. In that call, Jan Payne again reiterated that she could not take calls at work and also reiterated that they had turned this over to their attorney, Tom Buck, in Birmingham, and that the Defendant should contact him in regards to the alleged debt.

11. The Defendant has made no attempts to contact the Plaintiffs' attorney but instead have continued to attempt to collect the alleged debt from Plaintiff's by calling and leaving messages on their home answering machine.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

13. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

14. The Defendant used false representations and/or deceptive means to attempt to collect

a debt in violation of §§1692e(11).

15. The Defendant violated §1692c(1) and (3) by communicating with a consumer at a time and place known to be prohibited and inconvenient to the consumer.

16. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

17. The Defendant violated § 1692c(2) by communicating with a consumer when the Defendant knew the consumer was represented by an attorney.

18. As a proximate result of the Defendant's actions, the Plaintiffs were caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

19. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

20. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

21. The Defendant knew or should have known that said conduct was improper.

22. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

23. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

24. As a result of the Defendant's negligence, the Plaintiffs were caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

26. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

27. The Defendant knew or should have known that the said conduct was improper and illegal.

28. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

29. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

30. As a result of the Defendant's recklessness and wantonness, the Plaintiffs were caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

31. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

33. The Defendant undertook and/or directed communications to the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt.

34. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

35. Said communications constitute the wrongful intrusion into their solitude and seclusion.

36. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiffs to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

37. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiffs were committed within the time and space limits of their agency relationship with their principal, Defendant Capital Management Services Group, Inc..

38. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

39. By committing these acts and omissions against Plaintiffs, the agents/employees were motivated to benefit their principal, the Defendant.

40. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiffs.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand a judgment as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Compensatory and punitive damages against Defendant on Plaintiffs' state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy and,

D. Such other relief that this Court deems just and proper.

**PLAINTIFFS DEMANDS TRIAL BY STRUCK JURY**

W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233